JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE MERCHANT MARKETPLACE HOLDING CORP.,<br><br>Plaintiff,<br><br>v.<br><br>FAHAD S. SOLIMAN et al.,<br><br>Defendants. | Case No. 2:26-cv-05526-SB-MBK<br><br>ORDER REMANDING TO CONNECTICUT SUPERIOR COURT |

Plaintiff filed this lawsuit in Connecticut state court. Defendant Farhad S. Soliman improperly removed it to the Central District of California rather than the federal district encompassing the state court where the action was filed. *See* 28 U.S.C. §§ 1441(a), 1446(a). The case must therefore be remanded.

I.

Plaintiff The Merchant Marketplace Holding Corp. filed this action against Soul2Soul Recovery Center, LLC, Fahad S. Soliman, and Edward Akselrod on March 27, 2026, in the Superior Court of Connecticut, alleging breach of a financing agreement and related guaranty. On May 21, 2026, Soliman, appearing pro se, removed the action to the Central District of California, asserting diversity jurisdiction. Dkt. No. 1.

On June 19, 2026, Plaintiff filed a motion to remand, or, alternatively, to transfer the case to the District of Connecticut. Dkt. No. 12. It argues that Defendant failed to establish the propriety of removal and that a forum-selection clause in the financing agreement requires disputes to be adjudicated in Connecticut. Defendant thereafter filed an opposition to the motion, arguing principally that removal to the Central District of California complied with 28 U.S.C. §§ 1441(a) and 1446(a) because Defendants reside in California and the

operative events occurred here, and that the Court should decline to enforce the parties' forum-selection clause. Dkt. No. 15.

II.

The parties' dispute presents two questions: whether Defendant properly removed this action to the Central District of California and, if not, whether the case should be remanded or transferred to the District of Connecticut.

Defendant removed this action from Connecticut state court directly to the Central District of California. That removal did not comply with the plain language of the removal statutes. Section 1441(a) authorizes removal only to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Consistent with this statute, § 1446(a) provides that a defendant seeking removal "shall file . . . in the district court of the United States for the district and division within which such action is pending." *Id*. at § 1446(a). These provisions do more than identify a preferred federal forum. By their plain terms, they specify the only federal court in which a defendant may remove a state-court action. *See Addison v. N.C. Dep't of Crime & Pub. Safety*, 851 F. Supp. 214, 218 (M.D.N.C. 1994) ("The statute is clear and specific as to which district removal may be made."). Defendant therefore could remove this action, if at all, only to the U.S. District Court for the District of Connecticut.[1]

The remaining question is the appropriate remedy for Defendant's removal to an unauthorized district. Courts have reached differing conclusions as to whether removal to the wrong federal district should be remedied by remand or transfer. Compare *Maysey v. CraveOnline Media, LLC*, No. 09-CV-1364-JAT, 2009 WL 3740737, at *2 (D. Ariz. Nov. 5, 2009) ("When a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court and not to transfer it under 28 U.S.C. 1406(a), to the proper district."); *Mestas v. Mack*, No. 19-CV-08933-CJC, 2019 WL 6698162, at *2 (C.D. Cal. Dec. 6, 2019) (remanding) with *Calloway v. Pankopf*, No. 3:12-CV-00441, 2015 WL 1330553, at *7 (D. Nev. Mar. 25, 2015) (collecting cases and transferring, pursuant to 28 U.S.C. § 1406, "in the interest of justice"), and *Penetrante v. Jaguar Land Rover N. Am., LLC*, No. 16-CV-2952-

[1] Because removal to the Central District of California violated §§ 1441(a) and 1446(a), the Court does not reach whether diversity jurisdiction exists or whether removal is independently barred by § 1446(b)–(d).

MWF, 2016 WL 3457153, at *4–5 (C.D. Cal. June 24, 2016) (transferring, pursuant to 28 U.S.C. § 1404, "in the interests of judicial economy and efficiency").

The Court concludes that remand is the appropriate remedy. The decisions ordering transfer generally treat removal to the wrong district as a simple venue defect. But §§ 1441(a) and 1446(a) do more than prescribe venue in removed actions. They establish the procedure for invoking the federal removal power by specifying the federal district to which a state-court action may be removed. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) (holding that venue in removed actions is governed by the removal statute, not the general venue statutes). By contrast, the federal transfer statutes, 28 U.S.C. §§ 1404 and 1406, govern whether an action already pending in federal court should proceed in a different federal forum.[2] Interpreting the transfer statutes to cure removal to an unauthorized district is also difficult to reconcile with Congress's unambiguous directive that a state-court action be "removed" to the federal district specified in §§ 1441(a) and 1446(a), not transferred there after an improper removal. This interpretation is also consistent with the settled principle that removal statutes are strictly construed and that doubts concerning the propriety of removal are resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

III.

Accordingly, because Defendant removed this action to a federal district not authorized by §§ 1441(a) and 1446(a), the action must be remanded to the Connecticut Superior Court. The clerk's office is directed to remand the action and close the case. Defendant is advised that, although proceeding without counsel, he is required to comply with the Federal Rules of Civil Procedure and applicable statutes. Future filings that fail to do so may result in appropriate

[2] Section 1404(a), the forum non conveniens statute, appears to be an imperfect fit for another reason. 28 U.S.C. § 1404(a). As the Supreme Court has explained, § 1404(a) contemplates the transfer of an action already *properly pending in the transferor court* for reasons of convenience or pursuant to the parties' agreement, rather than to cure an action filed in the wrong forum. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59 (2013) ("Unlike § 1406(a), § 1404(a) does not condition transfer on the initial forum's being 'wrong.' And it permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation.").

sanctions. *See* Fed. R. Civ. P. 11(b) (requiring that every filing be legally and factually warranted after a reasonable inquiry).

Date: July 16, 2026

Stanley Blumenfeld, Jr.
United States District Judge